IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ELI GLOBAL, LLC, et al.,        )
                                )
            Plaintiffs,         )
                                )
        v.                      )        1:15cv77
                                )
UNIVERSITY DIRECTORIES, LLC,    )
 et al.,                        )
                                )
            Defendants.         )

## MEMORANDUM OPINION AND ORDER

THOMAS D. SCHROEDER, District Judge.

This action, filed as an adversary proceeding in the bankruptcy court, is before this court on the motion of Plaintiffs Eli Global, LLC, UDX, LLC, Southland National Insurance Corporation, UD Holdings, LCC, SNA Capital, LLC, Around Campus, LLC, Greg Lindberg, and Scott Hall (collectively, "Plaintiff Creditors") to withdraw reference under 28 U.S.C. § 157(d). (Doc. 2.) Defendants University Directories, LLC ("UD"), Print Shop Management, LLC ("PSM"), Vilcom LLC ("Vilcom"), Vilcom Interactive Media, LLC ("VIM"), Vilcom Properties, LLC ("VP"), Vilcom Real Estate Development, LLC ("VRD"), William Miller, (collectively, the "Defendant Debtors") oppose the motion. (Doc. 4.) For the reasons set forth below, the motion will be granted.

## I.    BACKGROUND

This adversary proceeding arises out of a dispute following the failed purchase of several companies. Sometime before August

22, 2014, Eli Global began negotiating the possible acquisition of UD. (Doc. 5 ¶ 22.) Shortly thereafter, UD and Eli Global, represented by Plaintiff Greg Lindberg (CEO of Eli Global), executed both (1) a "Letter of Agreement" regarding Eli Global's purchase of UD and a provision of confidential information from UD to Eli Global; and (2) a "Term Sheet," which "indicated that Eli Global, through a new company, would acquire ownership of 100% of UD" and provided a closing date of October 1, 2014, along with other purchasing details. (Id. ¶¶ 23, 25.)

Following the execution of those documents, a series of events unfolded in quick succession. First, certain undisclosed Plaintiff Creditors formed three North Carolina limited liability companies — UDX, UD Holdings, and Around Campus. (Id. ¶¶ 29, 31–32.) Eli Global then signed a "Confidentiality Agreement" with Bank of North Carolina to evaluate the possible sale of UD and VRD debt.[1] (Id. ¶ 33.) On October 10, 2014, not long after Eli Global contacted Bank of North Carolina, UDX bought one of UD's loans from Bank of North Carolina, and Southland National Insurance Corporation – listed as one of Eli Global's "Portfolio Companies" — bought VRD's loan from Bank of North Carolina. (Id. ¶¶ 38–39.)

Less than a week after those debt purchases, on October 15, 2014, Lindberg, now representing UD Holdings, proposed two

---

[1] VRD is owned by VP. (Doc. 5 ¶ 17.) VP's connection to UD, however, is unclear.

2

transactions for the purchase of UD and VP, which were rejected. (Id. ¶¶ 41–42.)  That same day, following those rejections, UDX gave notice of default and acceleration of indebtedness on UD's loans and of the intended disposition of collateral securing UD's loans.  (Id. ¶ 43.)  UDX also then purchased VRD's loan held by Southland National Insurance Corporation and sent a notice of default and acceleration of indebtedness on VRD's loan.  (Id. ¶ 45.)  On October 22, 2014, UDX brought suit in State court against UD, Vilcom, VIM, VP, VRD, and James Heavner — CEO of UD. (Id. ¶¶ 27, 45.)

On October 24, 2014, the Defendant Debtors filed a voluntary petition for relief under Chapter 11 in the Bankruptcy Court of the Middle District of North Carolina.  (Id. ¶ 3.)  Pursuant to 28 U.S.C. § 157(a) and Local Rule 83.11, the matter was referred to the bankruptcy court in this district.  The Defendant Debtors bring twelve claims against the Plaintiff Creditors: breach of fiduciary duty; breach of contract seeking injunctive relief; breach of contract seeking damages; breach of implied covenants of good faith and fair dealing; unfair and deceptive trade practices under N.C. Gen. Stat. § 75-1.1 et seq.; trademark infringement; equitable subordination; avoidance of a "Gimghoul lien"; two claims of avoidance of guaranty obligations, "Determination of the extent and Validity of VIM Security Interest," and "Alternative Claim for Avoidance of VIM Security Interest."  (Id. ¶¶ 70–145.)  Plaintiff

3

Creditors responded with the current motion to withdraw the reference of the adversary proceeding to the bankruptcy court and to have the case litigated in this court. (Doc. 2.) The motion has been fully briefed and is now ripe for consideration.

## II. ANALYSIS

Plaintiff Creditors raise several arguments for withdrawal of reference. One contention is that this court must withdraw its reference of the proceeding to the bankruptcy court under 28 U.S.C. § 157(d) because the adversary proceeding involves consideration of both Title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce. Because the court finds that it must withdraw reference under § 157(d), the court will not address Plaintiff Creditors' remaining arguments.[2]

Section 157(d) provides in relevant part:

The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

---

[2] Plaintiff Creditors' other arguments for withdrawing reference are: (1) that the bankruptcy court lacks constitutional authority to consider the action after Stern v. Marshall, 131 S. Ct. 2594, 180 L. Ed. 2d 475 (2011); (2) that, even if the action is deemed to be a non-core proceeding, Plaintiff Creditors have not yet filed a proof of claim and intend to invoke their Seventh Amendment right to a trial by jury, which only an Article III court can entertain absent consent of the parties; and (3) that this court should withdraw reference to the bankruptcy court under 28 U.S.C. § 157(d)'s permissive withdrawal provision.

4

28 U.S.C. § 157(d). Under § 157(d), the court must therefore withdraw reference when the resolution of a proceeding in the bankruptcy court "requires consideration of both title 11 and other laws of the United States" affecting interstate commerce. Id. Plaintiff Creditors contend that withdrawal is mandatory here because litigation of Defendant Debtors' trademark infringement claim will require consideration of both federal trademark law and bankruptcy law under Title 11. As the moving party, Plaintiff Creditors bear the burden of demonstrating the requirements triggering withdrawal. See Vieira v. AGM, II, LLC, 366 B.R. 532, 535 (D.S.C. 2007); In re U.S. Airways Grp., Inc., 296 B.R. 673, 677 (E.D. Va. 2003).

While the Fourth Circuit has yet to interpret the application of § 157(d)'s "requires consideration of" language, other courts have offered competing interpretations of the clause. "Two distinct approaches exist for determining when mandatory withdrawal is appropriate: (1) a liberal, statutory approach and (2) the substantial and material test." Holmes v. Grubman, 315 F. Supp. 2d 1376, 1379 (M.D. Ga. 2004); see also Schafer v. Nextiraone Fed., LLC, No. 1:12CV289, 2012 WL 2281828, at *2 (M.D.N.C. June 18, 2012) (observing these two "differing" standards). A minority of courts take the "liberal, statutory approach" to § 157(d), holding that mandatory withdrawal applies when a Title 11 proceeding simply "presents a non-Title 11 federal question which

5

will affect the outcome of the proceeding." Contemporary Lithographers, Inc. v. Hibbert (In re Contemporary Lithographers, Inc.), 127 B.R. 122, 127–28 (M.D.N.C. 1991); see also In re U.S. Airways Grp., 296 B.R. at 678–80. This group of courts "does not believe that an unclear or complex federal statute is a prerequisite to mandatory withdrawal under section 157(d)," and it rejects any requirement for "significant interpretation" of "vague and uncertain" federal law. In re Contemporary Lithographers, 127 B.R. at 127. The second, majority group of courts holds that § 157(d)'s clause applies only when a proceeding requires "substantial and material" consideration of non-bankruptcy federal law. See Murphy v. Cnty. of Chemung, 410 B.R. 145, 148 (W.D.N.Y. 2009) (adopting the substantial and material test); In re Holman, 325 B.R. 569, 572–73 (E.D. Ky. 2005) (same); Holmes, 315 F. Supp. 2d at 1379 (finding the substantial and material test to be "consistent with Congressional intent"); 1 Howard J. Steinberg, Bankruptcy Litigation § 1:75 (2d ed. 2014) ("It is well-settled that to trigger mandatory withdrawal, the 'consideration' of non-Title 11 federal law required for resolution of the proceeding must be 'substantial and material' and not just incidental."); cf. Matter of Vicars Ins. Agency, Inc., 96 F.3d 949, 954 (7th Cir. 1996) ("[A]s far as non-title 11 issues are presented, mandatory withdrawal is required only when those issues require the interpretation, as opposed to mere application, of the non-title

6

11 statute, or when the court must undertake analysis of significant open and unresolved issues regarding the non-title 11 law. The legal questions involved need not be of 'cosmic proportions,' but must involve more than mere application of existing law to new facts." (internal citation omitted)).

Under either interpretation, § 157(d) requires mandatory withdrawal in this case. See United States v. Tourtellot, No. 12-CV-413 (M.D.N.C. June 13, 2012) (Doc. 15 at 9-10) (finding that, under either mandatory withdrawal standard, legal issues triggered § 157(d)). Defendant Debtors' complaint raises a claim of trademark infringement. (Doc. 5 ¶¶ 93-95.) It alleges that UD filed a federal application to register "AROUNDCAMPUS" as a trademark and service mark. (Id. ¶ 19.) The application currently awaits decision before the U.S. Patent and Trademark Office. (Id.) It further alleges that the mark is already enforceable under the Lanham Act. (Id.) Defendant Debtors also allege that UD possesses common law marks appearing on its website, including "THE AROUNDCAMPUS GROUP" and the "AC shield logo design." (Id. ¶ 20.) Those marks are apparently not registered but are also alleged to be enforceable under the Lanham Act. (Id.) Defendant Debtors claim that Eli Global or other Defendants created "Around Campus, LLC," infringing on their trademarks in violation of federal and State law, and more generally "have made actual and continuous use of the registered and unregistered trademarks throughout the

7

United States." (Id. ¶¶ 21, 67.) The complaint seeks injunctive relief and damages for infringement along with attorneys' fees and costs incurred addressing the trademark infringement. (Id. ¶ 95.)

The resolution of Defendant Debtors' trademark infringement claim will require significant consideration of non-Title 11 federal law, satisfying § 157(d).[3] If left with the bankruptcy court, the complaint's trademark infringement claim will require that court to determine the validity and scope of alleged marks under the Lanham Act. (Doc. 13 at 4.) Resolution of this claim will thus require significant consideration, interpretation, and application of the Lanham Act. See In re Petition of Wuthrich, 337 B.R. 262, 268 (Bankr. S.D.N.Y. 2006) (observing, in dicta, that a Lanham Act claim and dispute over trademark's abandonment "would likely be subject to mandatory withdraw of the reference" under § 157(d)); In re McCrory Corp., 160 B.R. 502, 505 (S.D.N.Y. 1993) (holding that § 157(d) required withdrawing reference where bankruptcy court faced Lanham Act claim, partly involving the issue

---

[3] Defendant Debtors' complaint presents several Title 11 issues (see Doc. 5 ¶¶ 96–143), but neither party argues that § 157(d) also holds a "substantial and material" requirement as applied to consideration of Title 11 questions. The vast majority of decisions conclude that § 157(d) contains no such requirement regarding Title 11 issues. See, e.g., In re Contemporary Lithographers, 127 B.R. at 127–28 (finding that an approach requiring consideration of a material Title 11 question would frustrate withdrawal in cases in which non-bankruptcy federal law must be considered but bankruptcy law plays little or no role); Franklin Sav. Assoc. v. Office of Thrift Supervision, 150 B.R. 976, 980–81 (D. Kan. 1993) (noting "the majority of the courts . . . believes the substantial and material consideration of a title 11 issue is not a prerequisite to mandatory withdrawal").

of "secondary meaning," because "[i]nterpreting Lanham Act provisions to a given set of facts is, generally, neither simple nor straightforward"); Burger King Corp. v. B-K of Kansas, Inc., 64 B.R. 728, 731 (D. Kan. 1986) (holding that trademark infringement claim based on unauthorized use of mark entailed material and substantial consideration of non-Title 11 law); see also Rosetta Stone Ltd. v. Google, Inc., 676 F.3d 144, 152–53 (4th Cir. 2012) (laying out a multi-part test to establish trademark infringement claim under the Lanham Act and articulating "at least nine factors" relevant to one part of that test); cf. In re Singer Co., N.V., No. 01 CIV. 0165, 2002 WL 243779, at *3 (S.D.N.Y. Feb. 20, 2002) (holding that "whether an accused product infringes a patent requires significant and material consideration of patent law" and thus withdrawal of reference was mandatory).

Defendant Debtors cite Doctors Assoc., Inc. v. Desai, No. CIV.A.10-575, 2010 WL 3326726 (D.N.J. Aug. 23, 2010), for the proposition that resolution of the claim in this case will not require substantial and material consideration of non-Title 11 federal law, but that case is distinguishable. (Doc. 4 at 7.) In Desai, the court noted that "the claimed trademark infractions appear[ed] to be contingent upon the validity of [an] arbitration award," giving no indication that resolution of the trademark claims would require any application of the Lanham Act. 2010 WL

9

3326726, at *5.  This case is therefore unpersuasive in the present context.

Thus, because Defendant Debtors' trademark infringement claim requires substantial and material consideration of non-Title 11 federal law, § 157(d) requires that this court withdraw reference of the proceeding from the bankruptcy court.

## III. CONCLUSION

For the reasons stated,

IT IS THEREFORE ORDERED that Plaintiff Creditors' Motion to Withdraw Reference to the United States Bankruptcy Court (Doc. 2) is GRANTED.

_/s/   Thomas D. Schroeder_
United States District Judge

May 15, 2015